### LEROY WELEVER v. WILLIAM S. WILLIAMS ET AL.

1. EVIDENCE CONTRARY TO ALLEGATIONS OF PLEADINGS AND THEORY OF CASE IS INCOMPETENT.

Evidence that defendant was negligent in a matter other than that alleged in the petition as plaintiff's cause of action, and which is also in support of a theory contrary to the one upon which the case is being tried, is incompetent, and should be ruled out.

2. NEGLIGENCE MUST BE ESTABLISHED BY DIRECT PROOF, OR MUST BE REASONABLY INFERRED FROM FACTS PROVED, ETC.

Negligence must be established by either direct proof of the facts constituting it, or by proof from which it may be reasonably inferred; there should be no guessing by either court or jury; and if the negligence charged is not so established, the court should direct a verdict for defendant.

ERROR.

O. S. Brumback, for plaintiff in error.
Smith & Baker, for defendant in error.

HAYNES, J. (Orally.)

In this case, a petition in error is filed for the purpose of reversing the action of the court of common pleas, the plaintiff in error being plaintiff below and the defendants in error being defendants below. The plaintiff, claiming to be an employe of Williams and company, was employed to be about the work that they were carrying forward, of making "cribs" or perhaps laying timbers in connection with the work of the terminal road, cribs being made in the construction of a bridge across the river. The firm, named Williams Brothers, and George H. Morse and John F. Mayer had the job and were carrying on the work. The crib was composed of timbers and it was to be joined together, and in doing so they used

timber of different lengths, the crib being sixty feet long by twenty feet
wide or perhaps wider, and they used timbers varying in length from
twenty feet and in size about twelve or thirteen inches square so they
would lie close together. They.brought these timbers to the banks of the
river upon a scow and upon that they had a hoisting machine, and they
piled these up on the banks. They had at the bank at the place where
these timbers were piled some skids to take timber from the bank down to
the river, on an incline, and there the skids rested upon a platform that
was being used for the building of the crib. In order to retain this crib
in its place and to prevent it sliding about, it became necessary to nail cer-
tain cleats on the platform; and the plaintiff was ordered by the foreman
to assist in nailing the cleats; and while he was doing that work, a piece
of timber from the pile on the bank, or perhaps resting in part on the
skids, came rolling down and struck him, threw him into the river, and
injured him.

He brought the action against the firm; and in his amended peti-
tion, the gist of the action was set up in his cause of action, as follows:
"A number of large timbers had been piled near the upper end of
said skids or ways, and while plaintiff was in the act of spiking said cleats
on the ways as ordered by his foreman, other workmen were ordered by
defendants to move and handle timbers near plaintiff in such wise that one
of them rolled down over and across the ways where plaintiff was at work,
so striking plaintiff as to knock and throw him into the river, and causing
plaintiff great and permanent injuries as hereinafter set forth."

The parties proceeded to the trial of the case, and testimony was
introduced on behalf of plaintiff; and at the conclusion of that testimony,
the attorney for the defendants moved the court to direct a verdict for the
defendants, stating in his motion that there was no cause of action stated
in the petition; but as against that, the court called his attention to a single
paragraph he thought was sufficient; and the matter was disposed of on
the other point, to wit, that there was no evidence to show that there
was negligence on the part of the defendants. There had come up in the
trial of the case a question in regard to the admission of evidence, and the
plaintiff had taken the testimony of the foreman, who was absent from
the state; and he was inquired of in regard to this injury, and he pro-
ceeded to state in reply to a series of questions, that the accident occurred
in this way; that the logs were brought upon this scaffold, and that
Mayer, one of the firm, was superintending the lifting of those logs or
timbers from the scow to the bank and placing them near the skids, and
as he did so, there were no guy ropes at the side, and as the logs were up

40   O. C. C.   Vol. 26

in the air, they went swinging around and around and dropped helter
and skelter on the banks or on the skids; and that he called attention to
the fact they were doing it and that they should not do it; but that Mayer
kept on until they got so high, that one of them rolled off and fell down;
and that was the cause of the injury. Objection being made, the court
ruled out this testimony; and we think he properly ruled it out, because
that in itself was not stated as a cause of action, and a different matter
was really stated, and the testimony that had been offered by the plaintiff
up to that time had all been upon a different theory and a different case
altogether from that, and in accordance, as we understand it, with the al-
legations of the petition; and we think the court below was right in his
ruling upon that point.

Now the question comes up whether the court erred in directing a
verdict for the defendant. It will be noticed that the statement is, that
"a number of large timbers had been piled near the upper end of the
skids or ways, and that while plaintiff was in the act of spiking said cleats
on the ways as ordered by his foreman, other workmen were ordered by
defendants to move and handle timbers near plaintiff in such wise that one
of them rolled down over and across the ways where plaintiff was at
work, so striking plaintiff as to knock and throw him into the river."
Now the allegation is that they were ordered by defendants to move and
handle timbers near plaintiff in such wise that one of them rolled down
over and across the ways. It was because of that allegation that the
court below stated that the petition stated a good cause of action. When
we come to have the testimony, it was claimed on behalf of the defendants
that there was no testimony to sustain that allegation, and the court below
finding such to be the fact, directed a verdict to be found for the defend-
ants.

We have read this testimony over very carefully and we have read
the brief of counsel very carefully and the testimony there set out; and
the question arises whether any act that was being done there at that
time by order of the foreman was the cause of this accident. The Supreme
Court has well said briefly, that,

"To establish negligence, there should be either direct proof of the
facts constituting such negligence, or proof of facts from which negli-
gence may be reasonably inferred. There should be no guessing by
either the court or the jury." Clev. T. & V. Ry. v. Marsh, 63 Ohio St.
236 [58 N. E. Rep. 821], fifth syllabus.

Testimony was offered to show that at about the same time that the
plaintiff was ordered to nail down those cleats, an order was given by the
foreman, that they should give a stick of timber to the foreman, and it is

Welever v. Williams.

said they proceeded to do that—four or five of them—the evidence seemed to indicate that there were six of them and that they proceeded to some point at, near or on the pile, and with instruments proceeded to take up the log or stick of timber; that at or about the time they commenced to lift the timber, they heard a cry that Welever was in the river, and that they immediately laid down the timber and then some of them proceeded to go over where he was.

There was some testimony tending to show that the foreman was by them at the time the timber was taken, and there is other testimony that he simply ordered them to take it. There was some testimony, that as a general rule, the timber that was to be taken was pointed out by the foreman; exactly what it was, at this time does not appear; but there was testimony tending to show that he told the men to go up and get the stick—that is, this stick. There was testimony on the part of the plaintiff that at the time that he went out to nail the cleats, he saw one stick protruding out of the pile, and that he pressed down on it and lifted on it, and that he said to the foreman, "Look out and not let this stick down" and that the foreman told him to go down and nail his cleats, and that he would take care of the stick.

Now there was no testimony tending to show where that stick was taken from the pile, how near the pile, how near the front of it or what part of it. There was no testimony tending to show that the lifting of this particular stick released the stick that fell, in any manner, or released any other stick that released that, or in any other manner that the foreman disturbed this stick that fell or caused it to fall. There is a lack of evidence entirely on that point, arising from the fact that the parties did not notice or did not remember—or, as it has been suggested, did not want to remember—but whatever the cause may be, the fact is, that the testimony does not show that the lifting of the stick was the procuring cause of the falling of the piece of timber that rolled down and injured the plaintiff. It is unnecessary to go over the testimony. That is our observation and conclusion, after having read and carefully reread the testimony, and discussed it; and that leads to the conclusion that from the law and the evidence in the case, that the court below was right in ordering and directing the jury to return a verdict for the defendants; and the action of the court of common pleas will be affirmed.

**Parker** and **Hull, JJ.,** concur.